**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DENITA JONES PRICE,

　　　　　　*Plaintiff*,

　　v.

AUTOMOTIVE FINANCE
CORPORATION, *et al.*,

　　　　　　*Defendants*.

Civil Action No. 25 - 2333 (LLA)

**MEMORANDUM OPINION**

Plaintiff Denita Jones Price, proceeding pro se, brought this suit in the Superior Court of the District of Columbia against Automotive Finance Corporation ("AFC") and M&T Bank, alleging that Defendants violated her due process rights by freezing funds in her joint bank account pursuant to an improper garnishment notice.  ECF No. 1-2.  Before the court are Ms. Price's motion to remand the case to Superior Court, ECF No. 6; M&T Bank's motion to dismiss, ECF No. 5; and AFC's motions to dismiss, ECF Nos. 12, 13.  For the following reasons, the court will deny Ms. Price's motion to remand, grant Defendants' motions to dismiss, and dismiss the case.[1]

---

[1] Ms. Price filed a surreply in opposition to M&T Bank's motion to dismiss, ECF No. 22, which M&T Bank moves to strike, ECF No. 23.  While surreplies must generally be filed with leave of court under the Local Rules, *see* Loc. Civ. R. 7(a), (b), (d) (referring only to motions, oppositions, and replies), the court will exercise its discretion to deny M&T Bank's motion to strike in light of Ms. Price's pro se status.  Ms. Price also sought leave to file a surreply in opposition to AFC's motion to dismiss, ECF No. 25, which the court will grant as unopposed, *see* Loc. Civ. R. 7(b) (providing that courts may treat an unopposed motion as conceded).

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations drawn from Ms. Price's complaint, ECF No. 1-2, are accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court also takes judicial notice of public records of other proceedings.  *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

Ms. Price is a resident of the District of Columbia who maintains a joint bank account at M&T Bank with her husband, Derrick D. Price.  ECF No. 1-2, at 3 ¶ 1.[2]  In 2021, an Indiana court entered default judgment for AFC against Mr. Price.  *See Auto. Fin. Corp. v. Corp. Auto Grp., Inc.*, No. 49D06-2107-CC-23776 (Marion Super. Ct. Oct. 5, 2021).  In May 2025, AFC, through its counsel at Robertson, Anschutz, Schneid, Crane & Partners, PLLC ("RASC&P"), served M&T Bank with a court order concerning garnishment in an attempt to collect on the judgment.  *See* ECF No. 1-2, at 3 ¶ 2; ECF No. 5-2, at 2-3 (order).  The order directed M&T Bank "to place a 90-day hold on any deposit accounts in which [Mr. Price] ha[s] an interest, either individually or jointly with another person."  ECF No. 5-2, at 3.

In response, M&T Bank froze the Prices' joint bank account, which contained funds from Ms. Price's federal student aid refund.  ECF No. 1-2, at 3 ¶ 4.  The following month, Ms. Price filed an emergency motion for release of funds, and the Indiana court ordered that M&T Bank release its hold on the Prices' joint account.  *Id.* at 3 ¶ 6; *see* ECF No. 1-3.  As a result of the freeze, Ms. Price suffered "negative credit reporting, emotional distress, overdraft fees, and reputational damage."  ECF No. 1-2, at 3 ¶ 7.

---

[2] When citing ECF Nos. 1-2, 5-2, 14, 14-1, 16, 16-3, 18, and 21, the court uses the page numbers generated by CM/ECF rather than any internal pagination.

On June 24, 2025, Ms. Price filed a complaint in the Superior Court of the District of Columbia challenging the garnishment action against her joint bank account. *Id.* at 2. She alleges that the account contained exempt funds belonging solely to her, *id.* at 4, that she "was not provided notice or an opportunity to be heard before her property was seized," *id.* at 3, and that RASC&P did not follow applicable garnishment laws when it served M&T Bank with the garnishment order, *id.* at 3-4. Ms. Price thus contends that M&T Bank violated her due process rights by "freezing and withholding her funds in response to an invalid and improperly served garnishment document." *Id.* at 4. She seeks $2 million in damages, a declaratory judgment that the garnishment was unlawful, an injunction against future garnishment without due process, and an order directing M&T Bank to reverse all garnishment-related fees and to issue corrections to credit reporting agencies. *Id.* at 5.

Ms. Price filed proof of service on AFC and M&T Bank on July 7, 2025. *Price v. Auto. Fin. Corp.*, No. 2025-CAB-4029 (D.C. Super. Ct.). M&T Bank removed the case to this court the following day. ECF No. 1. In its notice of removal, M&T Bank stated that AFC "ha[d] not yet been properly served in connection with this matter." *Id.* ¶ 19. Ms. Price's affidavit of service for AFC indicated that she had sent a copy of the service package to "Christine Hickey, 135 Pennsylvania St., Suite 1400, Indiana, IN 46204"—a lawyer representing AFC in the garnishment proceedings—and the attached return receipt was signed by "C FERRER." ECF No. 14-1, at 1-2.

M&T Bank filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), ECF No. 5, and Ms. Price filed a motion to remand, ECF No. 6. AFC thereafter filed motions to dismiss for insufficient process under Rule 12(b)(5), ECF No. 12, and for failure to state a claim under Rule 12(b)(6), ECF No. 13. The motions are fully briefed, including Ms. Price's surreplies. ECF Nos. 5, 18, 19, 22, 23, 26 to 28 (M&T Bank's motion to

3

dismiss); ECF Nos. 6, 16 (Ms. Price's motion to remand); ECF Nos. 12 to 14, 21, 24, 25 (AFC's motions to dismiss); *see supra* n.1 (permitting Ms. Price's surreplies in opposition to the motions to dismiss).

## II.    LEGAL STANDARDS

### A.    Removal and Remand

"A civil action filed in state court may only be removed to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014).  Federal district courts have subject-matter jurisdiction in "civil actions arising under the Constitution, laws, or treaties of the United States" (federal-question jurisdiction), 28 U.S.C. § 1331, and over civil actions "between citizens of different states" where the matter in controversy exceeds $75,000 (diversity jurisdiction), *id.* § 1332(a).  A defendant must file a notice of removal within thirty days after service of the complaint. *Id.* § 1446(b).

When a case that involves multiple defendants is removed under 28 U.S.C. § 1441(b)(2), the rule of unanimity requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A); *see Hurt v. District of Columbia*, 869 F. Supp. 2d 84, 86 (D.D.C. 2012) (collecting cases).  "Unless all defendants express such consent to removal in a timely manner [within 30 days], the removal procedure is defective." *Scherling v. Chubb Ltd.*, No. 23-CV-1303, 2024 WL 1213401, at *5 n.3 (D.D.C. Mar. 21, 2024) (alteration in original) (quoting *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997)). "A failure by defendants to obtain timely unanimous consent for removal is not a curable defect if the plaintiff [timely] objects to that removal." *Hurt*, 869 F. Supp. 2d at 86.  There are three exceptions to the rule of unanimity: "(1) where one or more of the defendants has not yet been

served with the initial pleading when the removal petition was filed; (2) where a defendant is only a nominal or formal party-defendant; and (3) where the removed claim is separate and independent under 28 U.S.C. § 1441(c)." *Id.* at 87.  Where any of these conditions exist, any defendant may remove a case without the consent of its co-defendants.

It is the burden of the party opposing a motion to remand to demonstrate that the federal court has subject-matter jurisdiction and that removal was proper.  *See Simon v. Hofgard*, 172 F. Supp. 3d 309, 315 (D.D.C. 2016).  "Courts in this circuit have construed removal jurisdiction strictly," *id.* (quoting *Ballard v. District of Columbia*, 813 F. Supp. 2d 34, 38 (D.D.C. 2011)), and "the court must resolve any ambiguities concerning the propriety of removal in favor of remand," *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of The W.*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005) (quoting *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003)).

### B.    Federal Rule of Civil Procedure 12(b)(5)

Federal Rule of Civil Procedure 12(b)(5) governs motions to dismiss for insufficient service of process.  When a defendant moves to dismiss under Rule 12(b)(5), "[t]he plaintiff has the burden of establishing the validity of service of process."  *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 64 (D.D.C. 2015).  "To do so, the plaintiff 'must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'"  *Foster, Murphy, Altman & Nickel, PC v. Ascletis Pharma, Inc.*, No. 23-CV-3415, 2024 WL 5186614, at *1 (D.D.C. Dec. 20, 2024) (quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987)).  "Failure to effect service is grounds for dismissal." *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 352 (D.D.C. 2020).

### C.    Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), the court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a motion under Rule 12(b)(6), a court accepts all well-pleaded factual allegations in the complaint as true.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009).  Although the plausibility standard does not require "detailed factual allegations," it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor will "'naked assertion[s]' devoid of 'further factual enhancement'" suffice. *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

In determining whether a complaint fails to state a claim, a court may consider only the facts alleged in the complaint and "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *N. Am. Butterfly Ass'n v. Wolf*, 977 F.3d 1244, 1249 (D.C. Cir. 2020) (alteration in original) (quoting *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017)).

### D.    Pro Se Litigants

Pleadings by pro se litigants are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  This liberal construction "is not, however, a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009).  In evaluating a motion

6

to dismiss a case filed by a pro se litigant, the court will consider all of the plaintiff's filings and attachments, not just her complaint. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

## III.    DISCUSSION

The court will deny Ms. Price's motion to remand because it has federal-question jurisdiction over the action and dismiss her complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### A.    Motion to Remand

Ms. Price seeks remand to the Superior Court, arguing that her claims "arise from state tort law and local procedural violations," that diversity jurisdiction does not exist, and that M&T Bank's removal was procedurally defective because AFC did not consent before removal. ECF No. 6 ¶¶ 3-11; *see* ECF No. 20 (AFC's consent to removal filed thirty-one days after removal). M&T Bank counters that removal was proper under 28 U.S.C. §§ 1441 and 1446 because this court has both federal-question jurisdiction and diversity jurisdiction, ECF No. 1, and that AFC's consent was not necessary because AFC had not yet been properly served at the time of removal, ECF No. 16, at 5-6. The court concludes that it has federal-question jurisdiction and that removal was procedurally proper.

### 1.    Federal-question jurisdiction

District courts have subject-matter jurisdiction in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908))).

Here, Ms. Price alleges a violation of her constitutional due process rights and specifically invokes the Fourteenth Amendment in her complaint, ECF No. 1-2, at 3, which is sufficient to establish the court's subject-matter jurisdiction. While Ms. Price argues that her failure to "allege a violation under 42 U.S.C. § 1983 or any other statute that provides a private right of action in federal court," ECF No. 6 ¶ 3, precludes federal jurisdiction, that is not so, because when "the Constitution is the source of the right allegedly violated, no other source of a right—or independent cause of action—need be identified," *Comm. on Judiciary, U.S. House of Representatives v. Miers*, 558 F. Supp. 2d 53, 81 (D.D.C. 2008).[3]

---

[3] As explained below, the court will hold that Ms. Price fails to plead state action for purposes of stating a due process claim under the Fourteenth Amendment. Outside the removal context, some courts in this district have dismissed constitutional claims for lack of subject-matter jurisdiction where the complaint did not sufficiently allege state action. *See, e.g.*, *Cowtown Found., Inc. v. U.S. Dep't of Agric.*, 638 F. Supp. 3d 1, 8 (D.D.C. 2022) (concluding that the court lacked federal-question jurisdiction where the plaintiff alleged that private lenders were "insured by the [Federal Deposit Insurance Corporation] and therefore subject to equal protection under the Constitution"); *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006) (same where the plaintiff brought constitutional claims against a federal credit union and a private business). While Ms. Price's complaint may not allege a clear nexus between Defendants and the state, the court believes that the "'fact-bound' state actor question is simply better treated as 'a merits-related determination.'" *Monbo v. Upper Chesapeake Med. Ctr.*, No. 23-CV-2471, 2024 WL 3202221, at *4 (D.D.C. June 27, 2024) (first quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 939 (1982); then quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006)); *see Arbaugh*, 546 U.S. at 513 n.10 (explaining that a claim invoking federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the

(*continued on next page*)

Further, to the extent Ms. Price is raising state-law claims, the court may exercise supplemental jurisdiction over those claims because both her federal and state claims "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  That is, Ms. Price's claims all "derive from a 'common nucleus of operative fact'": the alleged garnishment of her bank account.  *Taylor v. District of Columbia*, 626 F. Supp. 2d 25, 28 (D.D.C. 2009) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).[4]

### 2.    Removal procedure

Ms. Price contends that M&T Bank's removal was untimely and procedurally defective because M&T Bank did not obtain AFC's consent to removal.  ECF No. 6 ¶¶ 9-10.[5]  The court disagrees.

First, M&T Bank had thirty days to remove after being served with the complaint.  28 U.S.C. § 1446(b).  Ms. Price's affidavit of service on the Superior Court docket shows that M&T Bank received service of process on June 27, 2025.  *Price v. Auto. Fin. Corp.*,

---

purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous'" (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946))); *see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3564 (3d ed. 2025) (explaining that "it would seem that a non-frivolous claim that the institution has the requisite relation to the state is sufficient to establish jurisdiction [and i]f that contention is found to be unsound, dismissal should be for failure to state a claim on which relief can be granted rather than for want of jurisdiction").

[4] While the court need not address whether diversity jurisdiction also exists, it notes that there is a colorable basis for diversity jurisdiction as well.  The parties are completely diverse, *see* ECF No. 1-2, at 2 (Ms. Price domiciled in Washington, D.C.); ECF No. 1 ¶¶ 11-12 (M&T Bank and AFC domiciled in New York and Indiana, respectively), and the amount in controversy likely exceeds $75,000, *see* ECF No. 1-2, at 5 (Ms. Price's complaint seeking $2 million in damages).

[5] Ms. Price also argues that M&T Bank "failed to exercise due diligence in investigating the underlying garnishment action," ECF No. 6 ¶ 10, but that is immaterial to the question whether removal was proper.

No. 2025-CAB-4029 (D.C. Super. Ct.); *see* ECF No. 16-1.  M&T Bank's notice of removal, filed eleven days later on July 8, ECF No. 1, was timely.

Second, while the rule of unanimity typically requires that all defendants consent to removal, AFC's consent was not required because it had "not yet been served with the initial pleading when the removal petition was filed."  *Hurt*, 869 F. Supp. 2d at 87; *see* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action.").  For the reasons explained below, AFC has not been properly served, so its consent was not required for M&T Bank's removal.  *See infra* Section III.B.2.

### B.      Motions to Dismiss

M&T Bank argues that Ms. Price's claims for declaratory and injunctive relief are moot, ECF No. 5-1, at 6-7; AFC maintains that Ms. Price failed to properly serve it, ECF No. 14, at 5-6; and both Defendants contend that Ms. Price's complaint fails to state a claim on which relief can be granted, ECF No. 5-1, at 3-6; ECF No. 14, at 6-7.  The court addresses each in turn.

### 1.      Mootness

M&T Bank argues that Ms. Price's requests for a declaratory judgment that the garnishment was unlawful and an injunction against future garnishment of her funds without due process should be dismissed as moot because "the garnishment has been dissolved and the funds returned."  ECF No. 5-1, at 6-7; *see* ECF No. 1-2, at 5.  While Ms. Price does not meaningfully respond to these arguments, *see* ECF No. 22, at 2 (addressing only the mootness of her claims for damages), they go the court's jurisdiction and the court must address them sua sponte, *see* *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).  The court concludes that Ms. Price's claim for a

declaratory judgment is not moot but that she lacks standing to seek an injunction against future garnishment without due process.

A plaintiff may seek retrospective declaratory relief "when the request is 'intertwined with a claim for monetary damages that requires [the court] to declare whether a past constitutional violation occurred.'" *Creamer v. District of Columbia*, No. 22-CV-1874, 2023 WL 4027513, at *1 (D.D.C. June 15, 2023) (alteration in original) (quoting *Fludd v. Mitchell*, 181 F. Supp. 3d 132, 140 (D.D.C. 2016)). Here, Ms. Price's request for a declaratory judgment that the garnishment of her funds was unlawful is "intertwined" with her claim for damages based on the garnishment. Accordingly, the claim is not moot.

Turning to Ms. Price's request for injunctive relief barring "future garnishment of her funds without due process," Ms. Price must allege an ongoing or imminent injury. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998). Ms. Price acknowledges that M&T Bank has released the hold on her account, ECF No. 18, at 6, and she does not plausibly allege in her complaint that she will be subjected to garnishment or similar action in the future. Since it is entirely speculative whether Ms. Price will be harmed in the future by M&T Bank, there is no "present case or controversy regarding injunctive relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495 (1974)). The court will accordingly dismiss Ms. Price's request for injunctive relief.

### 2. Insufficient service of process on AFC

AFC asserts that Ms. Price failed to properly serve it, warranting dismissal under Rule 12(b)(5). The court agrees that Ms. Price failed to properly serve AFC.

The "requirement of proper service 'stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of proceedings against

them.'"  *Robinson v. Ergo Sols., LLC*, 10 F. Supp. 3d 157, 160 (D.D.C. 2014) (quoting *Williams v. GEICO Corp.*, 792 F.Supp.2d 58, 65 (D.D.C. 2011)).  Without proper service of process, the court "may not exercise personal jurisdiction over the defendants named in the complaint." *Dominguez v. District of Columbia*, 536 F. Supp. 2d 18, 22 (D.D.C. 2008).

The Superior Court's procedural rules govern service of process here because Ms. Price attempted service before M&T Bank removed the case to federal court.  *Magowan v. Lowery*, 166 F. Supp. 3d 39, 65 (D.D.C. 2016).  "Th[is] distinction is, to some extent, trivial because the Federal Rules allow for service to be effectuated if the applicable state rules are followed." *Alridge v. G4S Secure Sols. USA, Inc.*, No. 19-CV-1360, 2019 WL 2931293, at *2 (D.D.C. July 8, 2019); *see* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).  Under the Superior Court's rules, a plaintiff may serve a defendant by certified mail with a return receipt requested.  D.C. Super. Ct. R. Civ. P. 4(c)(4).  If the defendant is a corporation, the plaintiff must deliver the summons and complaint to an "officer, a managing or general agent, or any other agent authorized . . . to receive service of process." *Id.* R. 4(h)(1)(B); *see Skewes-Cox v. Georgetown Univ. L. Ctr.*, No. 24-5065, 2025 WL 1099211, at *2 (D.C. Cir. Apr. 14, 2025) (per curiam).  When the plaintiff files an affidavit of service with the court, she must attach the signed return receipt.  D.C. Super. Ct. R. Civ. P. 4(l)(1)(B).  "If the return receipt 'does not purport to be signed by the party named in the summons,' the affidavit must include 'specific facts from which the court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process.'" *Boss v. Pillsbury Winthrop Shaw Pittman*, No. 25-CV-616, 2025 WL 3002910, at *2 (D.D.C. Oct. 27, 2025) (quoting D.C. Super. Ct. R. Civ. P. 4(l)(1)(B)(iv)).

Ms. Price's affidavit of service on AFC and signed return receipt fall short of these requirements because they do not indicate that she served AFC's registered agent or someone

12

authorized to receive service on AFC's behalf.  In her affidavit, Ms. Price explains that she mailed the summons and complaint to Christine Hickey, an attorney who represented AFC in the underlying garnishment proceedings, and the return receipt reflects that it was signed by an unknown individual named "C FERRER."  ECF No. 14-1, at 1-2; *see* ECF No. 1-3 (Indiana court order listing Ms. Hickey as counsel for AFC).  But Ms. Hickey informed Ms. Price that her firm was not authorized to accept service for AFC, *see* ECF No. 16-3, at 1 (email correspondence between Ms. Hickey and Ms. Price), and Ms. Price thereafter failed to properly effect service, instead conveying her view that "AFC has been properly served," *id.*

Nor did Ms. Price correct her deficiencies in serving AFC after the case was removed to federal court.  When M&T Bank filed its notice of removal, it explained that AFC had not been properly served, ECF No. 1 ¶ 19, but Ms. Price did not thereafter attempt service under the Federal Rules of Civil Procedure, *see* 28 U.S.C. § 1448.  And even after Ms. Price was "put on notice of the insufficiency by [AFC's] instant motion to dismiss," *Magowan*, 166 F. Supp. 3d at 66, she did not attempt to properly serve AFC.

Ms. Price argues that AFC had actual notice of this case and waived service by "coordinating" with M&T Bank, by "actively participating in the litigation well before asserting service objections," and by consenting to removal.  ECF No. 21, at 2.  These arguments are unavailing because "notice alone cannot cure an otherwise defective service." *Williams v. Dep't of Health & Hum. Servs.*, No. 22-CV-1084, 2023 WL 2139367, at *5 (D.D.C. Feb. 21, 2023) (internal quotation marks omitted) (quoting *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004)); *see McLaughlin v. Fid. Sec. Life Ins.*, 667 A.2d 105, 107 (D.C. 1995) (per curiam) (explaining that "actual notice of the action is immaterial to the sufficiency of service of process").  Accordingly, Ms. Price fails to demonstrate that the summons and complaint were "delivered to a

13

recipient authorized to accept service of process" on behalf of AFC, *Skewes-Cox*, 2025 WL 1099211, at *2, and she does not provide good cause for why she failed to perfect service, even after being put on notice. The court therefore lacks personal jurisdiction over AFC.[6]

The court will nevertheless proceed to examine Ms. Price's claims against AFC on the merits. While Federal Rules of Civil Procedure 4(m) and 12(b)(5) permit the court to dismiss without prejudice claims against a defendant who was not properly served, "this Circuit has held that allowing a plaintiff to file another suit containing the same meritless claims would be inconsistent with the district court's duties" where there are reasons for dismissing with prejudice under Rule 12(b)(6). *Anderson v. Gates*, 20 F. Supp. 3d 114, 123 (D.D.C. 2013); *see Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997).

### 3.    Failure to state a claim

M&T Bank and AFC both move to dismiss Ms. Price's complaint for failure to state a claim because Ms. Price is principally alleging that Defendants violated her due process rights under the Fourteenth Amendment by garnishing her joint bank account, but the Fourteenth Amendment does not apply to private actors like Defendants in the absence of an allegation of state action. ECF No. 5-1, at 3-4; ECF No. 14, at 6-7. M&T Bank further argues that it complied with applicable garnishment laws and that it owed no fiduciary duty to Ms. Price. ECF No. 5-1, at 4-6. AFC similarly contends that Ms. Price fails to allege that AFC "deviated from the applicable procedure for Indiana garnishments" of deposit accounts held jointly by a judgment debtor and another person. ECF No. 14, at 7. The court agrees with Defendants.

---

[6] Ms. Price asserts that she has moved for alternative service and an extension of time to effect service, ECF No. 21, at 1-2, but she has filed no such requests with the court.

a.    Due process claim

Ms. Price primarily alleges that M&T Bank and AFC violated her due process rights under the Fourteenth Amendment when, due to AFC's collection action, M&T Bank froze her account without providing her notice or an opportunity to be heard. ECF No. 1-2, at 1, 3. "In order to trigger the Due Process Clause of the Fourteenth Amendment, or a comparable federal action to invoke the Fifth Amendment, there must be a 'state action.'" *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 224 (D.D.C. 2010); *see United States v. Morrison*, 529 U.S. 598, 621 (2000) (explaining the "time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action"). A private party's conduct may be considered state action when the alleged deprivation is "fairly attributable to the State . . . because he has acted together with or has obtained significant aid from state officials." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). "While the precise formulations for determining when to attribute action taken by a private entity to the state vary by the context and right at issue, at bottom the inquiry examines whether 'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Budowich v. Pelosi*, 610 F. Supp. 3d 1, 19 (D.D.C. 2022), *dismissed*, No. 22-5222, 2023 WL 2436229 (D.C. Cir. Mar. 8, 2023) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see United States v. Prop. Identified as Lot Numbered 718*, 983 F. Supp. 9, 11 (D.D.C. 1997) ("While [a plaintiff] may face eviction if her lender forecloses on the residence, that 'seizure' by a strictly private actor does not trigger the due process clause.").

M&T Bank and AFC are both private corporations. While Ms. Price alleges that M&T Bank engaged in state action by enforcing the garnishment order, ECF No. 18, at 3, mere compliance with a court order "does not somehow transform that entity into a state actor,"

15

*Budowich*, 610 F. Supp. 3d at 20.  Indeed, "courts have routinely held that banks are not state actors under an array of circumstances." *Budowich*, 610 F. Supp. 3d at 19-20 (collecting cases); *see Williams v. Wells Fargo Bank N.A.*, 53 F. Supp. 3d 33, 39 (D.D.C. 2014) (dismissing a due process claim brought against various banks and other private entities).  As for AFC, Ms. Price's complaint does not allege *any* conduct by AFC that infringed her due process rights, let alone any acts that could fairly be attributed to the state.  *See Tucker v. Bowser*, No. 25-CV-01267, 2025 WL 1684123, at *1 (D.D.C. June 13, 2025) (dismissing a due process claim where the plaintiff "ha[d] not alleged [the defendant's] involvement, if any, in the claimed wrongdoing").  Indeed, the complaint's only reference to AFC relates to the company's judgment against her husband that triggered the underlying garnishment proceedings that led to her joint account being frozen by M&T Bank.  Ms. Price cannot establish state action based solely on the fact that AFC "invoked Indiana's garnishment statutes" by initiating a garnishment action.  ECF No. 21, at 3.

Ms. Price's reliance on *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922 (1982), is misplaced.  There, the Supreme Court held that "a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment."  457 U.S. at 941.  The Court emphasized, however, that while "the procedural scheme created by [a] statute obviously is the product of state action," "private misuse of a state statute does not describe conduct that can be attributed to the State."  *Id.* Here, Ms. Price's constitutional claims are not directed at any statutory scheme governing the post-judgment garnishment.  Rather, she alleges that the deprivation of property resulted from Defendants' failure to follow applicable state laws.  *See* ECF No. 1-2, at 3-4 (arguing that Indiana law prohibits funds held in a joint account from being garnished unless certain conditions are met).  Since "[t]here is nothing to suggest, besides unfounded speculation, that [either Defendant] was

16

subjected to the coercive power of the state, significantly encouraged by the state, controlled by the state, or entwined with governmental policies," *Simms*, 699 F. Supp. 2d at 225, Ms. Price fails to state a due process claim against AFC or M&T Bank.

### b.    Remaining claims

Ms. Price also alleges in her complaint that M&T Bank "violated . . . its own fiduciary duties" by freezing her account pursuant to "an invalid and improperly served garnishment document." ECF No. 1-2, at 4.  The court will construe her complaint as raising a claim for breach of fiduciary duty against M&T Bank and dismiss for failure to state a claim.

Ms. Price does not supply any factual allegations relating to a common-law claim for breach of fiduciary duty.  To make out a breach of fiduciary duty, a plaintiff must show that "(1) defendant owed plaintiff a fiduciary duty, (2) defendant breached that duty, and (3) to the extent plaintiff seeks compensatory damages—the breach proximately caused an injury." *Bode & Grenier, LLP v. Knight*, 821 F. Supp. 2d 57, 64 (D.D.C. 2011) (quoting *Paul v. Jud. Watch, Inc.*, 543 F. Supp. 2d 1, 5-6 (D.D.C. 2008)).[7]  Other than a single reference to M&T Bank's "fiduciary duties," nothing in the complaint supports the existence of a fiduciary relationship between her and M&T Bank.  *See* ECF No. 1-2, at 4.  Indeed, "a bank generally owes no fiduciary duty to its depositors."  *Geiger v. Crestar Bank*, 778 A.2d 1085, 1091 (D.C. 2001) (quoting *Miller v. Am.*

---

[7] The elements of a breach of fiduciary duty claim are essentially the same in the District of Columbia and Indiana, *see Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 639 (Ind. Ct. App. 2015), so there is no conflict of law.  The court accordingly applies District law. *See Wu v. Stomber*, 883 F. Supp. 2d 233, 273 (D.D.C. 2012), *aff'd*, 750 F.3d 944 (D.C. Cir. 2014) ("[W]here there is no conflict between the laws of two potential jurisdictions, the law of the forum applies.").

17

*Nat'l Bank & Tr. Co. of Chi.*, 4 F.3d 518, 520 (7th Cir. 1993)).  Overall, Ms. Price does not even offer "[t]hreadbare recitals of the elements of a cause of action."  *Iqbal*, 556 U.S. at 678.

Ms. Price ultimately takes issue with M&T Bank's hold on her account pursuant to a garnishment notice, but she fails to sufficiently plead facts supporting her legal conclusion that M&T Bank was served an invalid garnishment document.  Ms. Price alleges that the law firm RASC&P "failed to properly serve M&T Bank under applicable garnishment procedures and did not obtain a valid court order naming M&T as a garnishee."  ECF No. 1-2, at 3; *see* ECF No. 18, at 3.  However, under Indiana law, once a bank receives notice of a judgment creditor's money judgment, it is required to place a hold on deposit accounts maintained by the debtor, "either individually or jointly with another person."  Ind. Code Ann. §§ 28-9-3-4, 28-9-4-2; *see JPMorgan Chase Bank, N.A. v. Brown*, 886 N.E.2d 617, 621 (Ind. Ct. App. 2008).  Accordingly, even taking Ms. Price's allegations as true, as the court must, Ms. Price does not sufficiently plead that M&T Bank acted contrary to applicable garnishment procedures.

As for AFC, Ms. Price asserts in her opposition that "[b]eyond constitutional claims, [her] allegations support common-law claims for wrongful garnishment, negligence, and abuse of process."  ECF No. 21, at 4.  However, "it 'is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss'" because "[t]o hold otherwise would mean that a party could unilaterally amend a complaint at will."  *Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020) (quoting *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)).  Ms. Price's complaint does not refer to these additional causes of action, and, even if the court were to construe her complaint as raising these common-law claims, they would fail because Ms. Price's complaint is devoid of any factual allegations supporting a claim against AFC.  *See* ECF No. 1-2.

## IV.     CONCLUSION

For the foregoing reasons, the court will deny Ms. Price's Motion to Remand, ECF No. 6; deny M&T Bank's Motion to Strike Surreply, ECF No. 23; grant Ms. Price's Motion for Leave to File Surreply, ECF No. 25; grant M&T Bank's Motion to Dismiss, ECF No. 5; and grant AFC's Motions to Dismiss, ECF Nos. 12, 13.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   March 11, 2026

19